DANIEL N. KATIBAH (293251)
  dkatibah@nkllp.law
JAMES C. NIELSEN (111889)
  jnielsen@nkllp.law
THOMAS H. NIENOW (136454)
  tnienow@nkllp.law
NIELSEN KATIBAH LLP
100 Smith Ranch Road, Suite 350
San Rafael, California 94903
Telephone:  (415) 693-0900
Facsimile:   (415) 693-9674

Attorneys for Plaintiff
Associated Industries Insurance Company, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>DILLON MILLER AHUJA & BOSS, LLP, a California limited liability partnership; TIMOTHY DILLON, an individual,<br><br>Defendants. | Case No. '22CV1364 JAH  KSC<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Associated Industries Insurance Company, Inc., complains against defendants Dillon Miller Ahuja & Boss, LLP, and Timothy Dillon as follows:

1. Associated is a Florida corporation with its principal place of business in New York.

2. Defendant Dillon Miller Ahuja & Boss, LLP, formerly known as Dillon,

1
COMPLAINT FOR DECLARATORY JUDGMENT

1  Miller & Ahuja, LLP ("the Firm"), is, and at all relevant times was, a California
2  limited liability partnership with its principal place of business in Carlsbad,
3  California.  The Firm is a law firm.
4         3.     Associated is informed and believes, and thereon alleges, that defendant
5  Timothy Dillon, is an attorney and partner of the Firm who is, and at all relevant
6  times was, an individual residing in San Diego County.
7         4.     Jurisdiction is proper in this Court under 28 U.S.C. §1332(a)(1) because
8  this is a civil action between citizens of different states and the amount in
9  controversy exceeds $75,000.  As alleged below, this case addresses a dispute over
10 defense and indemnity under two Associated-issued policies of professional-liability
11 insurance in connection with three lawsuits for professional liability against Dillon
12 and the Firm in which the plaintiffs collectively seek over $500,000 in damages.
13        5.     Venue is proper in the Southern District of California under 28 U.S.C. §
14 1391(b)(1) because all defendants reside in this District and, alternatively, under 28
15 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise
16 to the claim occurred in this District.
17        6.     Associated issued to the Firm as named insured a policy of professional-
18 liability insurance, number AES1050600 03, effective January 31, 2020, to January
19 31, 2021 (the "2020-2021 policy").  Associated subsequently issued to the Firm as
20 named insured a renewal policy of professional-liability insurance, number
21 AES1050600 04, effective January 31, 2021, to January 31, 2022 (the "2021-2022
22 policy").  Each policy affords, among others, Lawyers' Professional Liability
23 insurance subject to a limit of $1,000,000 per claim, a policy period Aggregate limit
24 of $2,000,000, and a self-insured retention of $25,000 per claim.  Per each policy's
25 declarations, among other policy terms, the per claim limit of insurance "includes
26 **Claim Expenses**."
27        7.     Each policy contains, among other things, the following language:
28        **I.     INSURING AGREEMENT**

A. The **Company** shall pay **Damages** and **Claim Expenses**, in excess of the Self-Insured Retention identified in the Declarations, if applicable, and subject to the Policy's Limit of Liability, that the **Insured** shall become legally obligated to pay as a result of a **Claim** made against the **Insured** for a **Wrongful Act**, provided that (i) the **Claim** is first made against the **Insured** and reported to the Company, in writing, during the **Policy Period** or the Extended Reporting Period, if applicable[.] \*\*\*

\*   \*   \*

C. **Defense.** As part of and subject to the Policy's Limit of Liability, the **Company** shall have the right and duty to defend and **Claim** against the **Insured** to which this Policy applies, even if any of the allegations of the **Claim** are groundless, false or fraudulent. However, the **Company's** duty to defend shall terminate upon exhaustion of the applicable Limit of Liability by the payment of **Damages** and/or **Claim Expenses**.

D. **Settlement of Claims.** The **Company** shall have the right to make such investigation, negotiation or settlement of a covered **Claim** that it deems expedient; provided, however, that the **Company** shall not settle any **Claim** without the written consent of the **Insured**, which shall not be unreasonably withheld. \*\*\*

\*   \*   \*

II. **DEFINITIONS**

Wherever used in this Policy:

\* \* \*

C. **"Claim"** means a written demand received by the **Insured** for monetary **Damages** which alleges a **Wrongful Act**, including:

1. the service of suit or any civil proceeding in a court of law or equity, including any appeal therefrom, which is commenced by the filing of a complaint, motion for judgment, or similar proceeding; \*\*\*

\* \* \*

D. **"Claim Expenses"** means:

1. reasonable and necessary fees charged by an attorney designated by the **Company**;
2. all other reasonable and necessary fees, costs and expenses resulting from the investigation, adjustment, defense and appeal of a **Claim** if incurred by the **Company** or by the **Insured** with the written consent of the **Company**.

\* \* \*

E. **"Company"** means the insurer named in the Declarations.

\* \* \*

G. **"Damages"** means any compensatory sum which the **Insured** becomes legally obligated to pay and includes:

1. monetary judgments or settlements; \*\*\*

\* \* \*

J. **"Insured"** means

1. the **Named Insured** and any Predecessor Firm designated in the Declarations;

      2.     any individual or professional corporation who is or becomes a partner, officer, director, stockholder, per diem attorney, independent contract attorney, or employee of the **Named Insured**, but solely while acting within the scope of their duties as such on behalf of the **Named Insured** in rendering **Professional Services**; during the policy period shown in the Declarations;

      3.     any individual or professional corporation who was a partner, officer, director, stockholder, per diem attorney, independent contract attorney, or employee of the **Named Insured**, but solely while acting within the scope of their duties as such on behalf of the **Named Insured** in rendering **Professional Services**; during the policy period shown in the Declarations; \*\*\*

\*   \*   \*

L.     **"Interrelated Wrongful Acts"** means **Wrongful Acts** that are causally or logically related and include all **Wrongful Acts** that have as a common nexus any fact, circumstance, situation, or event, or which are the same, related or continuous acts, regardless of whether the **Claim** or **Claims** alleging such acts involve the same or different claimants, **Insureds** or legal causes of action.

\*   \*   \*

R.     **"Policy Period"** means the period from the inception date of this Policy to the Policy expiration date stated in the

   Declarations or its earlier cancellation date, if any.

   * * *

V. "**Professional Services**" means services:

   1. provided by any **Insured** to others as a lawyer, mediator, arbitrator or notary public but solely for the services on behalf of the **Named Insured** or Predecessor Firm designated in the Declarations;***

   * * *

BB. **"Wrongful Act"** means any actual or alleged negligent act, error, or omission committed by or attempted in the rendering or failing to render **Professional Services** by any **Insured** on behalf of the **Named Insured** ***.

   * * *

V. **LIMITS OF LIABILITY**

   * * *

A. The liability of the **Company** for all **Claim Expenses** and **Damages** for each **Claim** first made against the **Insured** and reported to the **Company** during the **Policy Period**, the Automatic Extended Reporting Period or the Optional Extended Reporting Period, if purchased, shall not exceed the amount stated in the Declarations for each **Claim**.

   * * *

C. The Limit of Liability for **Claims** first made and reported during the Automatic Extension Reporting Period or the Optional Extended Reporting Period shall be part of, and not in addition to the Limit of Liability as stated in the Declarations and as stated above.***

   * * *

      E.    **Multiple Insureds, Claims and Claimants.** The inclusion herein of more than one **Insured** shall not operate to increase the **Company's** Limit of Liability. **Claims** alleging, based upon, arising out of or attributable to the same **Wrongful Act(s)** or **Interrelated Wrongful Acts** shall be treated as a single **Claim** regardless of whether made against one or more than one **Insured**. All such **Claims**, whenever made, shall be considered first made during the **Policy Period**, the Automatic, Extended Reporting Period, or Optional Extended Reporting Period, if purchased, in which the earliest **Claim** arising out of such **Wrongful Act(s)** or **Interrelated Wrongful Acts** was first made, and all such **Claims** shall be subject to the Limit of Liability and Retention of such Policy.

\* \* \*

V.    **EXTENDED REPORTING PERIODS**

\* \* \*

      A.    **Automatic Extended Reporting Period**. If the **Company** or **Named Insured** shall cancel or refuse to renew this Policy, then the **Company** shall provide the **Named Insured** an automatic and noncancellable extension of this Policy, subject otherwise to its terms, Limits of Liability, exclusions and conditions, to apply to **Claims** first made against the **Insured** during the ninety (90) days immediately following the effective date of such nonrenewal or cancellation[.] \*\*\*,

\* \* \*

8.    During the 2020-2021 policy period, underlying plaintiffs KC's Dessert

7
COMPLAINT FOR DECLARATORY JUDGMENT

First LLC, Promethean Ventures, LLC, L&T Industries LLC, and Mitchell Gooze (collectively, the "*KC's Dessert* plaintiffs") filed an action against the Firm styled *KC's Dessert First LLC v. Dillon Miller & Ahuja*, San Diego Superior Court case no. 37-2020-00010302-CU-BC-NC.  The Firm reported the *KC's Dessert* action to Associated during the 2020-2021 policy period.  The allegations of the *KC's Dessert* action speak for themselves, and Associated summarizes and refers to the allegations here solely for the purpose of the coverage issues arising under the Associated policies and without any admission or contention of the truth or falsity of any of the allegations.

9. The complaint in the *KC's Dessert* action alleged that each plaintiff had entered into an agreement with third-party franchisor Reis & Irvy's, Inc. ("Reis"), for the purchase of a franchise involving the placement and operation of "robots" that dispense frozen yogurt.  The complaint further alleged that each plaintiff had entered into a separate "Purchasing Agent Agreement" with the Firm, alleged copies of which were attached to the *KC's Desserts* complaint, under which each plaintiff deposited into the Firm's trust account funds for the manufacture and purchase of the robots.  The *KC's Dessert* plaintiffs alleged that that they could not pay Reis for the robots directly because payment to a franchisor before a franchisee has commenced operations is prohibited.  According to the *KC's Dessert* complaint, the Purchasing Agent Agreement required the Firm to release the funds deposited into the Firm's trust account solely to the manufacturer of the robots, Flextronics Industrial, Ltd. ("Flextronics"), and only upon receipt of a purchase order for the robots from Reis.  But the Firm allegedly breached the Purchasing Agent Agreements and committed torts by, among other acts, releasing the funds deposited into the Firm's trust account to third parties other than Flextronics, which caused the *KC's Desserts* plaintiffs to lose some or all of their money.

10. Associated agreed to defend the Firm under the 2020-2021 policy and subsequently settled the *KC's Dessert* action.  Associated's defense and settlement of

the *KC's Dessert* action reduced the remaining per claim limit of liability available under the 2020-2021 policy in an amount corresponding to Associated's defense and settlement payments.

11. During the 2021-2022 policy period, underlying plaintiff Griggskidz, LLC, which was later replaced by underlying plaintiff Michael Griggs (collectively, "Griggs"), filed an action against the Firm and Dillon styled *Griggskidz, LLC v. Dillon Miller & Ahuja*, San Diego Superior Court case no. 37-2022-00000208-CU-BC-NC. Subsequently, during the 2021-2022 policy Automatic Extended Reporting Period, underlying plaintiff LCENT, which was later replaced by underlying plaintiff Tesla Lutes (collectively, "Lutes"), filed an action against the Firm and Dillon styled *LCENT v. Dillon Miller & Ahuja*, San Diego Superior Court case no. 37-2022-00008875-CU-BC-NC, and underlying plaintiff Lonnie Nielson filed an action against the Firm and Dillon styled *Nielson v. Dillon Miller & Ahuja*, San Diego Superior Court case no. 37-2022-00008877-CU-BC-NC. The Firm and Dillon reported the *Griggskidz*, *LCENT*, and *Nielson* actions to Associated during the 2021-2022 policy period or the 2021-2022 policy Automatic Extended Reporting Period. The allegations of the *Griggskidz*, *LCENT*, and *Nielson* actions speak for themselves, and Associated summarizes and refers to the allegations here solely for the purpose of the coverage issues arising under the Associated policies and without any admission or contention of the truth or falsity of any of the allegations.

12. The *Griggskidz*, *LCENT*, and *Nielson* actions, like the *KC's Dessert* action, allege that each plaintiff had purchased a franchise for frozen-yogurt-dispensing robots from Reis and that each had also entered to a "Purchasing Agent Agreement" with the Firm, copies of which are attached to the *Griggskidz*, *LCENT*, and *Nielson* complaints, requiring the Firm to hold in its trust account and distribute to Flextronics upon receipt of a purchase order from Reis, money that Griggs, Tules, or Nielsen had deposited into the trust account. But the Firm and Dillon allegedly breached each Purchasing Agent Agreement by, among other acts, releasing or

causing the release of funds deposited into the Firm's trust account to third parties other than Flextronics, which caused Griggs, Tules, and Nielsen to lose some or all of their money.

13. Associated has agreed to defend the Firm and Dillon in connection with the *Griggskidz*, *LCENT*, and *Nielson* actions under the 2020-2021 policy because Associated believes the *KC's Dessert, Griggskidz*, *LCENT*, and *Nielson* actions involve "Interrelated Wrongful Acts" as defined by the policies, and thus all of the actions are considered to be a single "**Claim**" first made during the 2020-2021 policy period, and thus covered, if at all, only under the 2020-2021 policy. Associated is informed and believes, and on that basis alleges, that the total sum incurred by Associated to defend the Firm and Dillon in connection with the *KC's Dessert*, *Griggskidz*, *LCENT*, and *Nielson* actions, and to settle the *KC's Dessert* action, has now exceeded the $1,000,000 per claim limit of liability under the 2020-2021 policy.

## FIRST CLAIM FOR RELIEF

[Declaratory Judgment re Duty to Defend—28 U.S.C. § 2201]

14. Paragraphs 1-13 above are incorporated by reference as if fully set forth here.

15. An actual controversy has arisen and now exists between Associated, on one hand, and the Firm and Dillon, on the other hand, concerning their respective rights and obligations in connection with the *Griggskidz*, *LCENT*, and *Nielson* actions. Associated contends on the one hand that the *KC's Desserts, Griggskidz*, *LCENT*, and *Nielson* actions involve "Interrelated Wrongful Acts" as defined by the policies and are considered to be a single "**Claim**" first made during the 2020-2021 policy period and subject to that policy's $1,000,000 per claim limit of liability alone, without any possibility of coverage under the 2021-2022 policy. Associated further contends that any duty to defend the Firm or Dillon in connection with the *Griggskidz, LCENT*, and *Nielson* action terminated or will terminate once the total

sum incurred by Associated to defend the Firm and Dillon in connection with the four lawsuits and to settle the *KC Dessert's* action exceeded or exceeds the 2020-2021 policy's $1,000,000 per claim limit of liability. Associated is informed and believes, and on that basis alleges, that the Firm and Dillon dispute Associated's contentions and contend to the contrary.

16. An actual controversy has arisen and now exists between Associated, on one hand, and the Firm and Dillon, on the other hand, concerning their respective rights and obligations in connection with the *Griggskidz*, *LCENT*, and *Nielson* actions in accordance with the parties' respective contentions set forth in the preceding paragraph.

17. Associated therefore requests that this Court enter a binding judicial declaration in accordance with Associated's contentions set forth above. The requested declarations are both necessary and proper at this time under the circumstances in that the interests of judicial economy and substantial justice will be served thereby.

### SECOND CLAIM FOR RELIEF

[Declaratory Judgment re Duty to Indemnify—28 U.S.C. § 2201]

18. Paragraphs 1-17 above are incorporated by reference as if fully set forth here.

19. An actual controversy has arisen and now exists between Associated, on one hand, and the Firm and Dillon, on the other hand, concerning their respective rights and obligations in connection with the *Griggskidz*, *LCENT*, and *Nielson* actions. Associated contends on the one hand that the *KC's Desserts, Griggskidz*, *LCENT*, and *Nielson* actions involve "Interrelated Wrongful Acts" as defined by the policies and are considered to be a single "**Claim**" first made during the 2020-2021 policy period and subject to that policy's $1,000,000 per claim limit of liability alone. Associated further contends that it has or will have no duty to indemnify the

Firm or Dillon in connection with the *Griggskidz*, *LCENT*, and *Nielson* actions because the total sum incurred by Associated to defend the Firm and Dillon in connection with the four lawsuits and to settle the *KC Dessert's* action has exceeded the 2020-2021 policy's $1,000,000 per claim limit of liability. Associated is informed and believes, and on that basis alleges, that the Firm and Dillon dispute Associated's contentions and contend to the contrary.

20. An actual controversy has arisen and now exists between Associated, on one hand, and the Firm and Dillon, on the other hand, concerning their respective rights and obligations in connection with the *Griggskidz*, *LCENT*, and *Nielson* actions in accordance with the parties' respective contentions set forth in the preceding paragraph.

21. Associated therefore requests that this Court enter a binding judicial declaration in accordance with Associated's contentions set forth above. The requested declarations are both necessary and proper at this time under the circumstances in that the interests of judicial economy and substantial justice will be served thereby.

WHEREFORE, Associated prays for judgment as follows:

1. That the Court make and enter its binding judicial declarations in accordance with Associated's contentions set forth above;
2. That Associated be awarded its costs of suit incurred herein; and
3. For such other and further relief as the Court deems just and proper.

September 9, 2022                             NIELSEN KATIBAH LLP

                                              By:    /s/  *Thomas H. Nienow*
                                                     Thomas H. Nienow
                                                     Attorneys for Plaintiff Associated Industries
                                                     Insurance Company, Inc.

DEMAND FOR JURY TRIAL

Associated Industries Insurance Company, Inc. hereby demands trial by jury in accordance with Fed.R.Civ.P. 38(a) as to any issue in connection with which a right to jury trial arises.

September 9, 2022            NIELSEN KATIBAH LLP

By:    /s/ *Thomas H. Nienow*
       Thomas H. Nienow
       Attorneys for Plaintiff Associated Industries
       Insurance Company, Inc.